### 11337

#### MINTER ET AL. v. McSWAIN *ET AL.*

(119 S. E., 901)

LICENSES—INSURANCE COMMISSIONERS NOT LIABLE FOR NEGLIGENCE IN ISSUING CERTIFICATE TO SELL STOCK. Neither insurance commissioner nor his surety are liable to a defrauded stock buyer for commissioner's negligence in not making a proper investigation before issuing to a company engaged in a fraudulent scheme a certificate to sell stock under Act March 25, 1915 (29 St. at Large, p. 251), prohibiting the selling of securities without such a certificate, in view of the provision requiring the words "the commissioner does not recommend the purchase of this security" to be printed on the certificate in type two sizes larger than any other part of the certificate.

Before MAULDIN, J., Richland, October, 1922.    Affirmed.

Action by J. E. Minter and others against W. A. McSwain and others.    From an order sustaining a demurrer to the complaint, plaintiffs appeal.

*Messrs. Wallace & Smith, John K. Hamblin* and *H. P. Green,* for appellants, cite: *When public officer is personally liable:*    2 Rich. L. 27; 86 S. C., 545; 29 Cyc., 1442, 1435; 92 S. C., 329; 79 Am. Dec., 468; 12 Conn., 464; 67 Ga., 190; 12 A. L. R., 729; 70 S. C., 1; 5 Rich. Eq., 475; 1 Strob. L. 35; 4 McC. L. 33; 2 McM. L. 510; 71 S. C., 9. *Measure of duty:*    86 S. C., 570; 22 R. C. L., 124; 14 Rich. Eq., 291; 65 S. C., 187; 92 S. C., 335.

*Messrs. J. G. Hughes* and *Thomas & Lumpkin,* for respondent, cite: *Judicial and ministerial acts:*    2 DeS., 631; 5 S. C., 291; 40 S. C., 283; 21 Wis., 268; 212 U. S., 78.

November 14, 1923.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

In 1915 the Legislature passed an Act requiring investment companies intending to engage in the sale of stocks, bonds, etc., to secure a license from the Insurance Commissioner, and giving him power to investigate the standing of any company that applied for a license, and forbade the business of selling securities in this State without such license.    The Insurance Commissioner, W. A. McSwain, issued a license to the Ohio C. Barber Fertilizer Company. The plaintiffs allege (to state it most strongly for the plaintiffs) that the company was a fraudulent scheme; that the plaintiffs bought stock in the company, relying on the license issued by Mr. McSwain; that Mr. McSwain was negligent and derelict in his duty, in that he did not make a proper investigation, and that by reason of his misconduct in negligently issuing the license these plaintiffs had suffered injury in the aggregate $25,000.    The Fidelity & Deposit Company

of Maryland is joined as defendant as surety on the commissioner's bond.

The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. There are several grounds stated, but, in the view this Court takes of this case, only one ground need be considered. Subdivision (b) of the first exception raises the most important question, and is as follows:

"(b) In not holding and stating that in purchasing said stock the plaintiffs relied upon the exhibit to them of the license, and would not have purchased said stock except for their reliance upon the license exhibited to them as showing that the stock was safe and sound, as being safeguarded."

The only theory upon which this action can be sustained is that the license negligently issued by the defendant, McSwain, was the cause of their loss; in other words, that they were misled to their injury by the license. The question is, were these plaintiffs as a matter of law misled?

This action was brought under the Statute (Acts 1915, pp. 251-261). On page 256 we read (Section 7):

"This is to certify, that the ———— has this date been given permission to sell &———— of its ———— within (stocks, bonds or securities) the State of South Carolina. The Commissioner does not recommend the purchase of this security. Dated————.

"In witness whereof, I have hereunto affixed my seal.

"[Seal.]

"———— INSURANCE COMMISSIONER."

The Legislature realized three facts: (1) That the Country was being flooded with worthless securities; (2) The unexplainable, but none the less certain, propensity of our people to purchase worthless securities; and (3) that with all the care and time at his disposal the Commissioner might let fraudulent securities pass undetected.

It is perfectly clear that the Legislature did not intend to require its Insurance Commissioner to underwrite all the companies to whom he issued a license, or to require him to

defend a lawsuit for every error. If the good man of the house had known in what watch the thief would come, or by what window he would enter, the matter of protection would have been simple. It is clear enough next morning. In order to prevent this very thing of afterthought, the Act provides that—

"The words 'The Commissioner does not recommend the purchase of this security' shall be printed in type two sizes larger than any other part of said certificate."

The only theory upon which this suit can be sustained is that the bare fact that the certificate was issued was of itself a recommendation of the stock. The statute specifically declares that the certificate shall not be so construed, and, in order to prevent our people from such an erroneous construction, and being misled by the certificate, provides that the words "shall be printed in type two sizes larger than any other part of said certificate." There is no room for implied recommendation. The Legislature that had the right to fix the sufficiency of notice that the certificate was not a recommendation fixed it at type two sizes larger than any other part of said certificate, and this Court has no right to disregard the sufficiency of the notice as expressed in the statute.

The complaint having failed to state that the statutory notice was not given, the order sustaining the demurrer must be affirmed.

MR. CHIEF JUSTICE GARY and MR. JUSTICE WATTS concur.

MR. JUSTICE MARION concurs in result.

MR. JUSTICE COTHRAN, (dissenting) : While the license issued by the Commissioner does not amount to a recommendation of the stock, it certainly is an assurance that the Commissioner has at least exercised ordinary care in performing the duties imposed upon him by the statute. It is held in the case of *Williams v. Oil Co.,* 127 S. C., 430; 121 S. E., 363, that under circumstances precautions in addition to those required by law may be demanded. I think that the complaint presented issues for a jury.